UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                  Case No. 1:05-cr-151

v.                                                  HON. JANET T. NEFF

CHARLES LEE EDKINS,

    Defendant-Movant.

_____/

## AMENDED MEMORANDUM OPINION and ORDER

Pending before this Court is Defendant Charles Lee Edkins' pro se Motion to Correct and Reduce his Sentence under 18 U.S.C. § 2241 and FED. R. CRIM. P. 35(a) (Dkt 161). The government did not file a response to the motion. For the reasons that follow, the Court denies Defendant's motion.

On February 12, 2013, this Court denied Defendant's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (Op. & Final Order, Dkts 163 & 164). This Court determined that Defendant was not entitled to relief under 28 U.S.C. § 2255 on the grounds presented, including Ground 8, which was Defendant's challenge to his Criminal History points. In support of the motion at bar, Defendant reiterates his challenge to the manner in which this Court scored his Criminal History points. As Defendant concedes, "[t]his matter is currently included in [his] 2255 filed on September 13, 2011" (Dkt 161 at 1).

"The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). Section 2255 provides the primary avenue of relief for federal prisoners "claiming the right to release" as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). The "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Id.* (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004) (quoting 28 U.S.C. § 2255(e)). Defendant has not demonstrated that his available remedy under 28 U.S.C. § 2255 was inadequate or ineffective to challenge his federal convictions and sentence. Moreover, "[s]imply because a sentencing court has already denied relief to the petitioner under § 2255 does not render his remedy under § 2255 inadequate or ineffective." *Charles*, 180 F.3d at 757-58. In short, Defendant may not collaterally attack his sentence in a § 2241 proceeding.

A court's authority to modify a sentence under Federal Rule of Criminal Procedure 35(a) is also narrowly circumscribed. *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011). Rule 35, in relevant part, allows a district court to correct a sentence that resulted from "arithmetical, technical, or other clear error," provided it does so within 14 days after sentencing. FED. R. CRIM. P. 35(a). Even assuming arguendo that Defendant's arguments in support of modifying his sentence demonstrate "arithmetical, technical, or other clear error," this Court, at this late date, lacks jurisdiction to modify Defendant's sentence. *See Hall, supra* (relying on *United States v. Vicol*, 460 F.3d 693, 696 (6th Cir. 2006) (holding that district court lacked jurisdiction to resentence the defendant beyond limitation period in prior version of Rule 35)).

Therefore:

**IT IS HEREBY ORDERED** that Defendant's pro se Motion to Correct and Reduce his Sentence under 18 U.S.C. § 2241 and FED. R. CRIM. P. 35(a) (Dkt 161) is DENIED.

DATED: February 12, 2013          /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge